Argued and submitted August 16, reversed October 9, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# MELVIN DeLAURA,
*Appellant.*

(DA 269436; CA A34976)

706 P2d 1011

Nick Albrecht, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for disorderly conduct. ORS 166.025. He contends that the trial court erred in finding him guilty of disorderly conduct after finding him not guilty on three assault charges arising out of the same incident.[1] We reverse.

Defendant and a friend were in a restaurant. An argument erupted between defendant's friend and a member of a party of five customers. Defendant attempted to intervene. A fight broke out between him and three members of the party. He knocked out all three. He then left the restaurant. He was arrested and charged with one count of disorderly conduct and three counts of fourth degree assault.

The trial court found that defendant had hit the three in self-defense and acquitted him on the three assault charges, stating:

"What you say about Mr. DeLaura walking away, that sounds nice and just, but once he is hit, and they are in a fight, unless the other person then does something to indicate withdrawing, he has no obligation to turn his back on somebody who is coming towards him, and walk away."

However, the court found defendant guilty of disorderly conduct arising out of the same incident, stating:

"With regard to count four, which is the disorderly conduct * * * I have to say that engaging in some sort of physical activity like fighting in an area described as small as it is in an evening described to me to be crowded * * * and there are other people around, is exactly what the disorderly conduct statute was designed to do, is to keep people from recklessly creating that kind of risk. Members of the public would be inconvenienced and alarmed by their conduct."

Defendant contends that the acquittal on the assault charges by reason of self-defense negates the intent element of disorderly conduct. He argues that an act cannot be both privileged and illegal at the same time. He also argues that the state

---

[1] Both parties incorrectly label the issue on appeal as one involving inconsistent verdicts. Defendant challenges the rationale of the trial court, made explicit in its findings. The question is a legal one, i.e., whether the court's findings support a conviction for disorderly conduct. We conclude that they do not.

presented no evidence of conduct, other than the fight, on which to base a disorderly conduct charge.

The state contends that conviction of disorderly conduct is permissible here, because defendant acted recklessly in committing disorderly conduct but not with the requisite specific intent for an assault. The state argues that, by choosing to fight back, defendant may have committed a legally privileged assault, but he may nonetheless have committed disorderly conduct.

ORS 166.025 provides, in relevant part:

"(1)   A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"(a)   Engages in fighting or in violent, tumultuous or threatening behavior * * *."

ORS 166.205 provides, in relevant part:

"The use of physical force upon another person that would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:

"* * * * *

"(5)   A person may use physical force upon another person in self-defense or in defending a third person, in defending property, in making an arrest or in preventing an escape, as hereafter prescribed in chapter 743, Oregon Laws 1971."

Defendant's disorderly conduct conviction was based on the "fighting" between him and three other persons. The trial court found that he was justified in using physical force to defend himself. Justifiable "fighting" may not, without more, provide the factual basis for the disorderly conduct conviction here. No other evidence in the record supports the conviction. Therefore, it cannot be sustained.

Reversed.